# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY C. HUIZENGA and EVELYN M. HUIZENGA individually and as trustees of the TIM AND EV HUIZENGA TRUST DATED APRIL 20, 2000,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, as trustee for CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., CSAB MORTGAGE-BACKED TRUST 2008-2, a national association; NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation; and DOES 1 through 50, Inclusive,<br><br>　　　　Defendants. | Case No.  SACV 12-01284-JVS (MLGx)<br><br>**PRELIMINARY INJUNCTION** |

　　　On August 24, 2012, the Order to Show Cause on Plaintiffs' Application for a Preliminary Injunction came on for hearing pursuant to the Court's August 15, 2012 Minute Order (Dkt #9).  Derik N. Lewis, Esq. appeared on behalf of Plaintiffs TIMOTHY C. HUIZENGA and EVELYN M. HUIZENGA individually and as

trustees of the TIM AND EV HUIZENGA TRUST DATED APRIL 20, 2000. Tanya McCullah, Esq. appeared on behalf of U.S. BANK NATIONAL ASSOCIATION, as trustee for CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., CSAB MORTGAGE-BACKED TRUST 2008-2 (*"US Bank"*). No appearances were made by Defendant NORTHWEST TRUSTEE SERVICES, INC. (*"Northwest"*). U.S. Bank and Northwest are collectively referred to herein as *"Defendants."*

The Court, having considered all pleadings filed both in support of and in opposition to Plaintiffs' Application, and having heard oral arguments in support and in opposition to Plaintiffs' Application, and finding good cause therefor, IT IS HEREBY ORDERED that:

1. Plaintiffs' application for a preliminary injunction is granted as to the First Claim for Relief for Violation of California Civil Code § 2923.5 only and denied as to the Second and Third Claims for Relief.

2. Based on the evidence and pleadings before the Court, there is a substantial likelihood that the Plaintiffs will prevail on their First Claim for Relief under Civil Code § 2923.5 in that it appears that the actions required under Civil Code § 2923.5 did not take place before the Notice of Default was recorded.

3. The balance of hardships with respect to issuing a preliminary injunction tips in favor of the borrower Plaintiffs because in the absence of compliance with Civil Code § 2923.5, Plaintiffs will be severely prejudiced.

4. The grant of injunctive relief enforcing Civil Code § 2923.5 is in the public interest and in accordance with the stated statutory policies of the State of California.

5. Until a final disposition is entered in this action, Defendants, together with their officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with Defendants, and each of

them, are prohibited and restrained from engaging in, committing, performing or doing, directly or indirectly, any of the following acts:

> Selling or attempting to sell or causing to be sold that certain real estate commonly known as 31262 Avenida Terramar, San Juan Capistrano, Orange County, California based upon the Notice of Default and Election to Sell Under Deed of Trust recorded July 14, 2011 in the Official Records of Orange County as Document No. 2011000344297.

Dated: September 7, 2012   _____
Honorable James V. Selna
Judge of the United States District Court,
Central District of California

Respectfully Submitted.

Derik N. Lewis, SBN 219981
dlewis@veritaslawoffice.com
**VERITAS LAW FIRM**
120 Vantis, Suite 300
Aliso Viejo, California 92656
Telephone: (949) 216-0935
Facsimile: (949) 296-0935

Attorneys for Plaintiffs
TIMOTHY C. HUIZENGA and EVELYN M. HUIZENGA individually and as trustees of the TIM AND EV HUIZENGA TRUST DATED APRIL 20, 2000